MATTER OF KALIA

In Section 248 Proceedings

A–20061003

*Decided by Regional Commissioner January 16, 1974*

An application for a change of nonimmigrant classification under section 248 of the Immigration and Nationality Act from that of a student under section 101(a)(15)(F)(i) of the Act to that of an exchange visitor under section 101(a)(15)(J) of the Act, for the purpose of enabling the applicant to acquire additional practical training, is denied, in the absence of unusual circumstances, where the applicant has already been granted a total of 18 months' employment for practical training purposes while in student status.

This matter is before the Regional Commissioner on appeal from the denial of the application for change of nonimmigrant status.

The appellant is an unmarried 28-year-old native and citizen of India who was admitted to the United States on October 1, 1969 as a nonimmigrant student until September 30, 1970 pursuant to section 101(a)(15)(F)(i) of the Immigration and Nationality Act. He subsequently received extensions of his temporary stay in F–1 status until February 1, 1973, which included three periods of practical training aggregating 18 months. In accordance with his request for additional time, he was given until April 30, 1973 to depart from this country. The instant application for change of nonimmigrant classification to that of an exchange visitor was filed by him on April 16, 1973. In connection therewith, he has submitted a Form DSP–66, Certificate of Eligibility for Exchange Visitor Status, dated April 10, 1973 which reflects that he has been accepted into Exchange Visitor Program No. P–I–737 under the sponsorship of Rutgers-The State University, New Brunswick, New Jersey; that he will serve as Science Bibliographer and Reference Specialist at the school's Dana Library, Newark, New Jersey at a salary of $9,971 per year. The alien has stated that such employment will accord him two more years of practical training in his field; that he is aware of the two-year foreign residence provision and knows that he will be subject to such requirement if he is granted exchange visitor status.

The District Director denied this application on the grounds that the alien has been given the maximum 18-month period allowable

559

for practical training; that there is no basis for according him exchange visitor status to permit him to engage in two additional years of practical training; that he is not a bona fide nonimmigrant. It was pointed out that a letter dated January 24, 1973 from Rutgers University reflects that the appellant intends to apply for permanent residence in the United States. The alien has asserted on appeal that he has changed his mind about applying for permanent residence; that he wishes to fully familiarize himself with current theories and techniques in his field before returning to India to engage in his profession. In support of this appeal, there have been furnished two additional letters from Rutgers University advising that the applicant is seeking to gain experience, training, and knowledge in his field so he may return home to properly perform in his profession; that he will have gained sufficient knowledge and experience by June 1975; that there are good possibilities for his employment in the developing library systems in India, particularly the newly-established Indian Institutes of Technology.

The entire record in this case has been very carefully reviewed in the light of the representations made on appeal. It is provided in 8 CFR 214.2(f)(6) that a nonimmigrant student may be granted permission to accept or continue temporary employment to obtain practical training in increments of not more than six months each for a maximum period of not more than 18 months in the aggregate. In view of the foregoing, it is concluded that the maximum period of time granted to an F-1 student for permission to engage in employment for practical training purposes should not exceed 18 months, regardless of whether the employment is in F-1 or J-1 status. The applicant in this case has already been allowed the maximum time permitted under Service regulations for practical training of an F-1 student. To accord him a change to another nonimmigrant classification at this juncture to enable him to continue such training, would be, in the absence of most unusual circumstances, contrary to the intent of those regulations. No such circumstances have been found to be present in this case to justify an exception to the general rule. Accordingly, this appeal will be dismissed.

**It is ordered** that the appeal be and same is hereby dismissed.